WILLIAM H. WATERS, HENRY HELLER and HORACE SHEPARD, Individually and as Sole Trustees of the CORTLANDT HAT CO., INC., Respondents, *v.* WILLIAM A. BROWN, Appellant.

Supreme Court, Appellate Term, First Department, May 1, 1924.

Landlord and tenant — action by assignees of landlord for rent — estoppel — tenant paid rent to landlord without knowledge of assignment — assignees had knowledge that payment of rent was to be made and are estopped.

In an action by the assignees of a landlord against the latter's tenant for rent and rent collected, it appears that at the termination of the tenant's lease and employment he owed the landlord for rent on certain premises as well as for rents collected on other premises and the landlord owed him for unpaid wages; that the tenant sued the landlord for the amount by which his unpaid wages exceeded the amount owed by him to the said landlord and recovered a judg-

ment thereon; that the tenant, without knowledge of any transfer of title of the property in question by the landlord to the assignees, credited the rent which the assignees now claim to the landlord; and that the assignees had knowledge of the prior action against their assignor and of the tenant's judgment.

*Held,* that the plaintiffs, the landlord's assignees, will not be permitted to prevail in their action, since their conduct led the defendant tenant to give a credit in the action brought by him against their assignor which he would not have given had he known the facts and since they had knowledge of that action and of the fact that credit was given therein to their assignor.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York in favor of the plaintiff for the sum of $666.20, after a trial before the court without a jury.

*George W. Bristol,* for the appellant.

*Arnold Lichtig (Arnold Lichtig* and *Herbert A. Loesler,* of counsel), for the respondents.

CRAIN, J.   The defendant, appellant, was a workman employed by plaintiffs' grantor, a domestic corporation.  He occupied at an agreed rental a house belonging at the date of his employment to plaintiffs' grantor and collected for plaintiffs' grantor the rents of other premises owned by it.  His employment was terminable by a three months' notice.  This notice plaintiffs' grantor gave. At the expiration of the three months plaintiffs' grantor owed defendant wages and defendant owed plaintiffs' grantor rent, part being the rent of premises occupied by himself and the balance rent of premises collected by him occupied by others.  He sued plaintiffs' grantor for the amount by which his unpaid wages exceeded the amounts due by him for rent and for rents collected. The plaintiffs' grantor being the defendant in such action, was represented by the attorney now representing plaintiffs.  The plaintiffs' grantor in such action interposed a counterclaim, being the claim now sued upon, and the same claim with the amount of which the grantor was credited by defendant herein in the prior action brought by him as plaintiff against the grantor, and then withdrew the counterclaim.  Defendant here (plaintiff in such action) recovered judgment for the amount sued for.  He was served in the court room in which his case was tried after judgment therein with the summons in this action.  He appears to have had no knowledge of any transfer of title by plaintiffs' grantor to plaintiffs of the property in question.  The deed to plaintiffs was not recorded.  They dealt with the defendant without disclosing the transfer to them and in a way to deceive defendant respecting the fact of the transfer.  Their conduct led defendant to give a credit in the action brought by him against their grantor which he would not have given had he known the facts.  His

recovery against their grantor was diminished in consequence, and as plaintiffs held the property under a conveyance as trustees for their grantor and had knowledge of the action against their grantor and of the fact that credit was given therein to their grantor, they should not be allowed to prevail in the present case. To permit this judgment to stand would in effect be to deprive defendant of a part of the salary due him.

Judgment reversed, with thirty dollars costs, and judgment directed for the defendant dismissing the complaint on the merits.

BIJUR and McCOOK, JJ., concur.

Judgment reversed and judgment for the defendant dismissing the complaint.